UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANA T. BROOKS                                  CIVIL ACTION

VERSUS                                           NO: 15-249

UPTOWN HEALTHCARE CENTER,                        SECTION: "A" (4)
LLC

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 4)** filed by defendant Uptown Healthcare Center, LLC. *Pro se* plaintiff, Diana T. Brooks, opposes the motion. The motion, noticed for submission on March 4, 2015, is before the Court on the briefs without oral argument.[1]

Diana T. Brooks has filed this action against her former employer, defendant Uptown Healthcare Center, LLC. Brooks is a resident of New Orleans and she filed suit in Civil District Court for the Parish of Orleans. Uptown Healthcare removed the action to this Court based on its interpretation of Brooks' petition as having asserted a claim under the Americans with Disabilities Act, thereby triggering federal question jurisdiction. Brooks' claims against Uptown Healthcare arise out of it decision to terminate her employment on January 21, 2014. From what the Court can glean from the petition, Brooks was employed by Uptown Health as a licensed practical nurse ("LPN"). The company had recently undergone a change in ownership and management and several employees were terminated. Brooks

---

[1] On April 14, 2015, the prior district judge transferred this action and Civil Action 15-754 to this Section because they appeared to be related to Civil Action 14-588, which had been pending in this Section until August 18, 2014, when Brooks voluntarily dismissed the case. The Court has since discovered that Brooks had a fourth action, 14-1419, which had been pending in Section F until that lawsuit was dismissed without prejudice. The motion before the Court today was carried over with the transfer to this Section.

1

complains that she was accused of patient abuse and as a result she was investigated by the Louisiana State Board of Practical Nurse Examiners.[2] Brooks complains that because of the false allegations against her she was left without a means of support and ultimately destitute and homeless.[3]

Uptown Healthcare now moves to dismiss this action arguing 1) that Brooks' did not serve the registered agent for service of process, and 2) that the petition fails to meet the pleading requirements of *Iqbal* and *Twombly*.[4]

Brooks requested service on Uptown Healthcare via the Baker, Donelson firm and the attorneys who had previously represented Uptown Healthcare in Civil Action 14-1419. Apparently those same attorneys are representing Uptown Healthcare in this action, which Uptown Healthcare removed to federal court and now seeks to dismiss. The motion to dismiss for failure to serve the registered agent is DENIED.

Uptown Healthcare's arguments regarding *Iqbal* and *Twombly* give the Court pause for two reasons. First, *Iqbal* and *Twombly* are federal cases that govern pleading standards in federal court. Brooks filed her action in state court. Thus, it would be patently unfair for this Court to rely on *Iqbal* and *Twombly* to dismiss her case for failure to state a claim without at least giving Brooks the opportunity to amend her petition to state her best case.

Second, and perhaps even more problematic, is that the very same pleading

---

[2] This entity is the defendant in Civil Action 15-754, which concerns the disciplinary proceedings against Brooks.

[3] Along with her opposition to the motion to dismiss, Brooks included a verification from The Salvation Army of Greater NY Franklin Women's Shelter, a temporary housing facility for single women, confirming that as of December 3, 2014, Brooks had been a resident there since June 30, 2014. (Rec. Doc. 6-1).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007).

deficiencies that Uptown Healthcare identifies in support of its Rule 12(b)(6) challenge, leave the Court questioning whether the case was properly removed from state court.[5] Uptown Healthcare's sole basis to remove was federal question jurisdiction hinged on what appears to be an oblique reference to "the Civil Disabilities ADA laws" that Brooks made in the narrative that formed her petition. (Rec. Doc. 1-2). Yet as Uptown Healthcare points out, the pleading is bereft of any factual allegations that could arguably flesh out an ADA claim, including any type of statement alluding to a nexus between any disabilities on Brooks' part and Uptown Healthcare's termination of her employment. As Uptown Healthcare notes in its reply (Rec. Doc. 10 at 2), Brooks' opposition seems to confirm that Brooks' dispute with Uptown Healthcare is not based on any claim cognizable under federal law but rather on Uptown Healthcare's allegedly false accusation of patient abuse that ultimately led to revocation of her nursing license.[6] (Rec. Doc. 6).

  Some general principles must guide the Court's next course of action. A Rule 12(b)(6) dismissal is one on the merits and with prejudice. *See Cox, Cox, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 Fed. Appx. 455 (5th Cir. 2013) (unpublished). Therefore, a federal court must have subject matter jurisdiction over an action before it can dispose of any claims under Rule 12(b)(6). Further, the federal claim that serves as the basis for federal jurisdiction cannot be so "wholly insubstantial or frivolous" so as to fail to provide a basis for original federal question jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Finally, the plaintiff is the

---

[5] It is clear to the Court that diversity of citizenship is lacking. The Louisiana Secretary of State's website indicates that at least one member of the defendant LLC is a Louisiana resident. Brooks claims that she is a resident of Orleans Parish. The Court therefore assumes that both individuals are domiciliaries of this State.

[6] The allegedly unjust revocation of the nursing license is the basis of Brooks claim against the Louisiana State Board of Practical Nurse Examiners in the related action, 15-754.

master of her complaint and as such she has the choice to forego federal law claims and rely solely on state law for her claims. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th 1995). Jurisdiction may not be sustained on a legal theory that the plaintiff has not advanced. *Id.* (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)).

Based on the foregoing, Uptown Healthcare's motion to dismiss is DENIED. On the current record the Court cannot confirm that it has subject matter jurisdiction. If Brooks is relying on federal law, thereby conferring original federal question jurisdiction on this Court, then by **Friday, May 22, 2015**, Brooks must file an amended complaint to properly allege her federal claims. If Brooks amends her complaint to clarify that there are federal claims being asserted, then Uptown Healthcare will have **fifteen (15) days** from the filing of that amended pleading to respond, whether via an answer or another Rule 12(b)(6) motion.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 4)** filed by defendant Uptown Healthcare Center, LLC is **DENIED.**

April 29, 2015

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE